

CJB



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   CRIM. NO. 19-_____ |
| v. | *   USAO NO. 17R00517 |
| | * |
| SAAD TAHA AHMED YOUSIF AL-QAYSY | *   VIOLATIONS: |
| | *       18 U.S.C. § 1425(a) |
| | *       18 U.S.C. § 1425(b) |
| | *       Denaturalization Notice |

19-00168-KD

## INDICTMENT

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

1. **SAAD TAHA AHMED YOUSIF AL-QAYSY** (hereinafter "**SAAD AHMED**"), a naturalized United States citizen, was born on or about March 26, 1958 in Baghdad, Iraq. From the mid-1970s through the mid-1980s, **SAAD AHMED** received advanced degrees in electrical engineering and Serbian language skills from universities in Iraq and in the former Yugoslavia.

2. On or about December 8, 1983, **SAAD AHMED** entered the Iraqi Army, and was assigned to the Directorate of Electrical and Mechanical Engineering. **SAAD AHMED** served in the military for nearly twenty years until the dissolution of the Iraqi Army on May 23, 2003 following the issuance of the Coalition Provisional Authority Order Number 2. During his career in the Iraqi Army, **SAAD AHMED** served in both combat and support units. At the time of its dissolution, **SAAD AHMED** had attained the rank of Colonel in the Iraqi Army.

3. During **SAAD AHMED's** career as a military officer, Iraq was involved in direct military conflict with the United States and coalition forces, specifically during the 1991 Gulf War and the 2003 Iraq War. Throughout **SAAD AHMED's** military career, Saddam Hussein was the Commander-in-Chief of the Iraqi Army.

**SEALED**

4. On or about September 24, 2006, **SAAD AHMED** and his family fled Iraq and resettled in Giza, Egypt. While in Egypt, **SAAD AHMED** applied for refugee status via the United States Refugee Admissions Program. The process began on or about January 28, 2008, and the family's application was approved on or about January 06, 2010.

5. On about February 16, 2010, **SAAD AHMED** and his family entered the United States as refugees via the port of entry at JFK International Airport in New York City. Pursuant to Section 7 of the Immigration and Nationality Act, the family was approved for refugee resettlement, and thereafter, placed in Mobile, Alabama.

6. On or about March 18, 2011, **SAAD AHMED** filed a Form I-485 with the United States Citizenship and Immigration Services (hereinafter "USCIS") for the purpose of adjusting his status from refugee to permanent resident of the United States. This document was completed, and then signed by **SAAD AHMED** under penalty of perjury, in the Southern District of Alabama. **SAAD AHMED's** adjustment of status application was approved on or about July 14, 2011.

7. On or about April 7, 2015, **SAAD AHMED** filed a Form N-400 with USCIS for the purpose of applying for naturalization for himself. This application was completed, and then signed by **SAAD AHMED** under penalty of perjury, in the Southern District of Alabama.

8. On or about April 15, 2015, **SAAD AHMED's** Form N-400 naturalization application was mailed via the United States Post Office from Mobile, Alabama to the USCIS processing center in Dallas, Texas.

9. **SAAD AHMED's** naturalization application was approved on or about July 20, 2015. That same day, **SAAD AHMED** and his family became naturalized United States citizens during a naturalization ceremony in Atlanta, Georgia.

10. **SAAD AHMED** remains a United States citizen residing in the Southern District of Alabama as of the time of this Indictment.

**SEALED**

## COUNT ONE

11.     The Grand Jury incorporates number paragraphs 1 through 10 of this Indictment as if fully set forth herein.

12.     On or about April 7, 2015, in the Southern District of Alabama, Southern Division, the defendant

**SAAD TAHA AHMED YOUSIF AL-QAYSY**

did knowingly procure and attempt to procure for himself, contrary to law, naturalization and documentary and other evidence of naturalization, to wit: a certificate of naturalization for himself, by knowingly making material misrepresentations on his sworn Form N-400 Application for Naturalization, in violation of Title 18, United States Code, Section 1015(a).

13.     Specifically, **SAAD AHMED** made the following material misrepresentations on his Form N-400:

   a. Questions 15(A) states: "Were you **ever** a member of, or did you **ever** serve in, help, or otherwise participate in, any of the following groups: Military unit?"

   In response, **SAAD AHMED** answered "No" under penalty of perjury. He confirmed under oath that his answer to Question 15(A) was "No" during his naturalization interview on July 20, 2015.

   Contrary to his answer to Question 15(A), **SAAD AHMED** actually served in the Iraqi military from on or about December 8, 1983 through its dissolution on May 23, 2003.

   b. Question 31 states: "Have you **ever** given any U.S. Government official(s) **any** information or documentation that was false, fraudulent, or misleading?"

   In response, **SAAD AHMED** answered "No" under penalty of perjury. He confirmed under oath that his answer to Question 31 was "No" during his naturalization interview on July 20, 2015.

   Contrary to his answer to Question 31, **SAAD AHMED** had provided false information under oath to USCIS when applying for adjustment of status from refugee to permanent resident.  Specifically, Part 3,

**SEALED**

Question C, of Form I-485 asks the applicant to provide the following information: "List your present and past membership in or affiliation with every organization, association, fund, foundation, party, club, society, or similar group In the United States or in other places since your 16th birthday. Include **any military service** in this part. . . ."

In response, **SAAD AHMED** provided the following information in the columns listed below:

| Name of Organization | Location and Nature | Date of Membership From | Date of Membership To |
|---|---|---|---|
| Iraqi Military – Mandatory Service | Baghdad, Iraq as an Electrical Engineer on the base | 01/01/1987 | 01/01/1991 |

This information was provided under penalty of perjury to USCIS on or about March 18 2011.

However, as previously stated, **SAAD AHMED** actually served in the Iraqi military from on or about December 8, 1983 through its dissolution on May 23, 2003.

    c.  Question 32 states: "Have you **ever** lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States.

In response, **SAAD AHMED** answered "No" under penalty of perjury. He confirmed under oath that his answer to Question 31 was "No" during his naturalization interview on July 20, 2015.

Contrary to his answer to Question 32, **SAAD AHMED** knowingly lied under penalty of perjury on his Form I-485 when applying to adjust his immigration status from refugee to permanent resident. Specifically, **SAAD AHMED** lied about his duration in the Iraqi Army, as well as the nature of involvement with the Iraqi Army.

14.    In violation of Title 18, United States Code, Section 1425(a).

## COUNT TWO

15.    The Grand Jury incorporates number paragraphs 1 through 10 of this Indictment as if fully set forth herein.

16.    On or about April 7, 2015, in the Southern District of Alabama, Southern Division, the defendant

**SAAD TAHA AHMED YOUSIF AL-QAYSY**

**SEALED**

did knowingly procure, obtain, and apply for naturalization, citizenship, and evidence of naturalization and citizenship, and attempt to do so, for himself, to which he was not entitled.

17. **SAAD AHMED** was not entitled to procure, obtain, or apply for naturalization, or attempt to do so, because he could not satisfy the requirements for naturalization pursuant to Title 8, United States Code, Section 1427, in that he was not a person of "good moral character," given that he provided materially false information to USCIS under penalty of perjury for the purpose of obtaining a benefit under Chapter 12 of Title 8 of the United States Code.

18. Specifically, **SAAD AHMED** provided materially false information to USCIS on his Form I-485 adjustment of status application as set out in Count One.

19. In violation of Title 18, United States Code, Section 1425(b).

## REVOCATION OF CITIZENSHIP

20. Notice is hereby given that upon a conviction of unlawfully procuring naturalization in violation of Title 18, United States Code, Section 1425(a) and/or (b), as charged in this Indictment, the Court shall revoke, set aside, and declare void the final order admitting

**SAAD TAHA AHMED YOUSIF AL-QAYSY**

to citizenship in the United States, and shall declare his Certificate of Naturalization to be cancelled, pursuant to Title 8, United States Code, Section 1451(e).

A TRUE BILL

FOREMAN, UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

**SEALED**

RICHARD W. MOORE
UNITED STATES ATTORNEY
By:

CHRISTOPHER J. BODNAR
Assistant United States Attorney

SEAN P. COSTELLO
Assistant United States Attorney
Chief, Criminal Division

JUNE 2019

**SEALED**